UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TORAN PETERSON,

          Plaintiff,                                  Case No. 1:23-cv-11769

v.                                               Honorable Thomas L. Ludington
                                                       United States District Judge
ROBERT WILL[1] and WILL REPAIR
SERVICE,

          Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES, SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT, AND DENYING CERTIFICATE OF APPEALIBILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Plaintiff Toran Peterson is a Michigan prisoner incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan. ECF No. 1 at PageID.1. In July 2023, he filed this § 1983 complaint against Will Repair Service, a private business, and its owner, Robert Will. *Id.* Plaintiff claims that he sent his typewriter to Will Repair Service in early 2022 for repair but Defendants have not repaired it. *Id.* Plaintiff notes he sent Defendants several letters inquiring about the status of his typewriter to no avail, and has contacted the Better Business Bureau, which has also been unable to contact Defendants. *Id.* Based on these facts, Plaintiff alleges Defendants have violated his Fourteenth Amendment due process rights and have wrongfully converted his property. *Id.*

Plaintiff also filed a Motion to Proceed Without Prepayment of Fees, ECF No. 2, alleging indigency and inability to pay the filing fee. This claim is supported by his prisoner trust fund

---

[1] Plaintiff's Complaint is against "Robert Will," ECF No. 1 at PageID.1, but CM/ECF incorrectly lists Defendant as "Robert Hill."

account. *See* ECF No. 6. Accordingly, Plaintiff's Motion to Proceed Without Prepayment of Fees, ECF No. 2, will be granted.

Having determined that Plaintiff is a prisoner proceeding *in forma pauperis*, the Prison Litigation Reform Act "requires district courts to screen and dismiss complaints that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing 28 U.S.C. § 1915A(b)); *see also* 28 U.S.C. § 1915(e)(2)(B).

"A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Johnson v. Caruso*, No. 2:08-CV-98, 2008 WL 5061116, at *2 (W.D. Mich. Nov. 24, 2008) (citing *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). In order to establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must show (1) that the defendant acted under color of state law, and (2) that the defendant's conduct deprived the plaintiff of rights secured by the federal law. *Jones v. Hendrickson*, No. 22-5869, 2023 WL 3232411, at *1 (6th Cir. Apr. 10, 2023) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint does not state a claim upon which relief can be granted. Importantly, Plaintiff brings a § 1983 claim against Defendants, but does not allege that either Defendant is a state actor or otherwise acting under color of state law. Indeed, "[a] private business does not act under color of state law, and thus is not a 'state actor,' unless its conduct is 'fairly attributable to the state.'" *Brite Fin. Servs., LLC v. Bobby's Towing Serv., LLC,* 461 F. Supp. 3d 549, 563 (E.D. Mich. 2020) (*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Defendant Will Repair Service is a private business that is owned and operated by Defendant Robert Will. *See* ECF No. 1. And Plaintiff does not assert that either Defendant exercised power "possessed by virtue of state

law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Therefore, he cannot establish a prima facie case under 42 U.S.C. § 1983, so his claim "must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

In sum, Plaintiff cannot maintain a § 1983 claim against a private business and its owner for not repairing his typewriter in the absence of any suggestion that either were acting under the color of state law. *See Ravenell v. Will*, No. CIV.A.09-6173FLW, 2010 WL 1257731, at *2 (D.N.J. Mar. 29, 2010) (finding a plaintiff could not bring a § 1983 claim against private defendants he hired to repair his word processor when they lost his word processor). Therefore, his Complaint must be dismissed. *See* 28 U.S.C. § 1915A (directing district courts to dismiss complaints that fail to state a claim upon which relief may be granted).

Any appeal of this Order would not be taken in good faith, so Petitioner will be denied a certificate of appealability and leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a).

Accordingly, it is **ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees, ECF No. 2, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **SUMMARILY DISMISSED WITH PREJUDICE**.

Further, it is **ORDERED** that Plaintiff is **DENIED** a certificate of appealability and leave to appeal *in forma pauperis*.

**This is a final order and closes the above-captioned case**.

Dated: August 15, 2023                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge